UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DUANE HENDON,<br><br>   Petitioner,<br><br> v.<br><br>ROBERT BURTON,<br><br>   Respondent. | Case No. 23-cv-02775-HSG<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Dkt. No. 8. For the reasons set forth below, the Court DISMISSES this petition as second or successive within the meaning of 28 U.S.C. § 2244(b)(2), and DENIES a certificate of appealability.

## DISCUSSION

**A. Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B. Background**

  **1. 1995 Conviction and Sentence from Santa Clara County Superior Court**

On May 5, 1995, Petitioner was sentenced to a term of 52 years and 8 months after a Santa Clara County Superior Court jury found him guilty of multiple sexual and other offenses. Dkt.

1   No. 1 at 1-2.  In 1996, the state appellate court affirmed his conviction and sentence, and the state

2   supreme court summarily denied his petition for review.  Dkt. No. 1 at 3.

### 2. *Hendon I*

On or about January 31, 2000, Petitioner filed a federal habeas petition challenging this conviction and sentence.  *Hendon v. Lamarque*, C No. 00-cv-00349 PJH ("*Hendon I*"), Dkt. No. 1. In *Hendon I*, Petitioner raised the following challenges to his conviction and sentence: (1) the trial court violated his Sixth Amendment right to counsel of choice by denying his pretrial motion to discharge retained counsel; (2) insufficient evidence to support the conviction for Cal. Penal Code § 288a(d) because "copulation" did not occur as a matter of law; (3) the trial court committed error by imposing sentence pursuant to Cal. Penal Code § 264.1; (4) the trial court committed sentencing error when it sentenced Petitioner to full consecutive sentences for counts 5 and 6 pursuant to Cal. Penal Code  § 667.6(D); (5) the trial court violated the Equal Protection Clause when it allowed the use of peremptory challenges to exclude black venirepersons during voir dire; (6) the trial court allowed previously relieved counsel to represent Petitioner after Petitioner made a *Marsden* motion, in violation of the Sixth Amendment; (7) insufficient evidence to support the evidence for false imprisonment (Cal. Penal Code §§ 236, 237); (8) "the conviction was obtained by a violation for imposing Cal. Penal Code §§ 242, 243(d);" (9) the trial court erred in imposing consecutive and concurrent terms for prior convictions, in violation of the Double Jeopardy clause; (10) ineffective assistance of trial counsel William McBay; (11) insufficient evidence to support the conviction for Cal. Penal Code § 288(a), (c); (12) sentencing error when the trial court imposed full consecutive terms for Counts 10 and 11 pursuant to Cal. Penal Code §§ 667.6(d); (13) the trial court erroneously imposed an aggravated term for an enhancement that was the same class of crime and connected to the commission of the crime for which the principal term was imposed; (14) the trial court unlawfully induced Petitioner to not object to the continuance of the trial due to trial counsel's failure to timely file a motion for continuance; (15) Petitioner was unlawfully induced to withdraw the severance motion; (16) the trial court committed error by not meeting the time restraints on extending and continuing the trial; (17) *Brady* violation; (18) the trial court committed error by not meeting the time constraints set forth in the "Five and Nine Day

Rule;" and (19) the trial court wrongly imposed an aggravated term pursuant to Cal. Penal Code § 1170.1.  *Hendon I*, Dkt. No. 1.

On June 12, 2003, *Hendon I* was dismissed as untimely, in that it was not filed within the one-year statute of limitations period set forth in the Anti-Terrorism and Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).[1]  *Hendon I*, Dkt. No. 47.  On October 7, 2004, the Ninth Circuit affirmed the dismissal.  *Hendon I*, Dkt. No. 58.  Over eleven years later, on or about February 29, 2016, Petitioner filed a motion for relief from final judgment in *Hendon I*, arguing that he could show a substantial claim under *Martinez* that the trial court committed reversible error when it denied Petitioner's pretrial motion to discharge retained counsel.  *Hendon I*, Dkt. No. 60.  On August 19, 2016, the Court denied the motion for relief from a final judgment and denied a certificate of appealability, finding that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), was irrelevant to the circumstances of *Hendon I* because *Hendon I* was dismissed as untimely whereas *Martinez* discussed the circumstances that would allow a petitioner to claim that ineffective assistance of counsel who handled initial review proceedings can serve as cause to excuse procedural default.  *Hendon I*, Dkt. No. 61.  Petitioner sought a certificate of appealability from the Ninth Circuit, but the Ninth Circuit denied the request, finding that Petitioner had not shown that jurists of reasons would find it debatable whether the district court abused its discretion in denying the motion for relief from judgment.  *Hendon I*, Dkt. No. 65.

### 3. Additional State Collateral Proceedings

Petitioner reports filing state habeas petitions since the denial of *Hendon I*.  Petitioner reports that on April 2, 2021, the state superior court denied on procedural grounds Petitioner's state habeas petition alleging that he was constructively denied counsel; that appellate counsel failed to raise this claim, and that counsel was ineffective.  On April 14, 2021, the state appellate court affirmed the superior court's decision; and on July 14, 2021, the state supreme court denied review.  Dkt. No. 1 at 3-4.

---

[1] *Hendon I* was originally dismissed as untimely on August 25, 2000.  *Hendon I*, Dkt. No. 11.  On September 20, 2001, the Ninth Circuit remanded *Hendon I* for development of record pursuant to *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).

### 4. *Hendon II*

On or about May 25, 2023, Petitioner filed the instant federal habeas petition, C No. 23-cv-02775 HSG, *Hendon v. Burton* ("*Hendon II*"), which raises the following challenges to his 1995 Santa Clara County Superior Court conviction and sentence: (1) the trial court violated Petitioner's Sixth Amendment right to counsel of choice by denying his pretrial motion to discharge retained counsel, William McBay; (2) Petitioner's failure to raise Claim No. 1 on direct review is subject to the *Martinez* exception because he was unable to raise the claim due to the structure and design of the California legal system and because appellate counsel erred in failing to cite federal law when challenging the trial court's refusal to discharge Mr. McBay; (3) any procedural default is excused by *Martinez* because the state habeas court failed to appoint counsel to present Petitioner in state collateral proceedings; (4) appellate counsel was ineffective for failing to raise Claim No. 1 and for failing to present the state courts with the federal basis of Petitioner's claim; (5) appellate counsel was ineffective for failing to raise an ineffective assistance of counsel claim regarding Mr. McBay's failure to timely file the motion to sever and the motion to dismiss; and (6) Petitioner has established cause to excuse the procedural default of his claims due to his *pro se* status during state collateral proceedings. Dkt. No. 1.

## C. Second or Successive Petitions

A federal habeas petition is "second or successive" within the meaning of § 2244 "if the facts underlying the claim occurred by the time of the initial petition, [] and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)); *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (habeas petition second or successive if raises claims that were or could have been adjudicated on merits in prior petition). "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (B)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

           (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020) (district court is "without power" to entertain second or successive petition unless petitioner first receives authorization from court of appeals).

        In this action, Petitioner is challenging his 1995 conviction and sentence from Santa Clara County Superior Court. Petitioner has previously filed a petition challenging this conviction and sentence, *Hendon I*, which was dismissed as untimely on June 12, 2003. *Hendon I*, Dkt. No. 47. The facts underlying the claims raised in this action had occurred by the time of *Hendon I*. In fact, the claims raised in this action are similar to the claims raised in *Hendon I*, such as the claim that the trial court erred in refusing to discharge retained counsel, Mr. McBay. Because the facts underlying the claims in the action had occurred by the time of *Hendon I* and the claims raised here could have been adjudicated in *Hendon I*, this petition is second or successive within the meaning of 28 U.S.C. § 2244(b) and must be dismissed.[2] 28 U.S.C. § 2244(b); *Brown*, 889 F.3d at 667; *Woods*, 525 F.3d at 888.

### CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a).

---

[2] Petitioner has not alleged, much less demonstrated, that he qualifies for the exceptions set forth in 28 U.S.C. § 2244(b)(2). Regardless, even if he can demonstrate that he qualifies for one of these exceptions, he must obtain authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3); *Chades*, 976 F.3d at 1056-57.

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES the petition for a writ of habeas corpus as second or successive, and DENIES a certificate of appealability. The Clerk shall enter judgment in favor of Respondent and against Petitioner; and close the case. The Clerk is directed to send a courtesy copy of this order and the judgment to Petitioner at California Medical Facility, P.O. Box 2000, Vacaville CA 95696-2000.[3] Petitioner is reminded that *pro se* parties whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address. N.D. Cal. L.R. 3-11(a).

**IT IS SO ORDERED.**

Dated:   11/9/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] On August 29, 2023, the Court's August 17, 2023 Order (Dkt. No. 9) was returned to the Court as undeliverable. Dkt. No. 10. It appears that Plaintiff is no longer housed at California Healthcare Facility, which is listed as his address of record. *Id.* According to the California Department of Corrections and Rehabilitation inmate locator, Plaintiff is now housed at California Medical Facility.

6