UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DUANE HENDON,<br>          Petitioner,<br>   v.<br>ROBERT BURTON,<br>          Defendant. | Case No. 23-cv-02775-HSG<br><br>**ORDER GRANTING REQUEST TO REOPEN TIME FOR FILING NOTICE OF APPEAL**<br><br>Re: Dkt. Nos. 18, 21 |

Petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 11, 2023, the Court dismissed the petition as second or successive within the meaning of 28 U.S.C. § 2244(b)(2), denied a certificate of appealability, and entered judgment in favor of Respondent. Dkt. Nos. 14, 15. On or about December 25, 2023, Petitioner filed a notice of appeal ("NOA").[1] Dkt. No. 18. On January 31, 2024, the Ninth Circuit Court of Appeals construed the NOA as a motion to reopen pursuant to Fed. R. App. P. 4(a)(6), and remanded the appeal to this Court for the limited purposes of ruling on the motion to reopen. Dkt. No. 21. For the reasons set forth below, the Court GRANTS the motion to reopen the time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(6), and deems the NOA timely filed. Dkt. No. 18.

**DISCUSSION**

**I.  Background**

Petitioner filed this action on or around May 25, 2023 by filing a federal habeas petition

---

[1] To determine the date that Petitioner's Notice of Appeal was filed, the Court applies the prison mailbox rule, which provides that a *pro s*e prisoner filing is deemed filed on the date that the prisoner delivers the filing to prison authorities. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). It appears from the filing that Petitioner gave his NOA to prison guards from mailing on December 25, 2023. Dkt. No. 18 at 3.

1   with the Eastern District of California.  Dkt. No. 1.  At that time, Petitioner reported that he was
2   housed at California Health Care Facility ("CHCF"), and the CHCF address was entered this as
3   his address of record.  *Id.*  On June 8, 2023, this action was transferred to this district and assigned
4   to Judge Edward Davila, and the Clerk of this Court sent Petitioner an *in forma pauperis*
5   deficiency notice to his address of record at CHCF.  Dkt. Nos. 3, 4.  On June 20, 2023, Petitioner
6   filed an *in forma pauperis* application.  Dkt. No. 5.  The Court denied Petitioner's request to
7   proceed *in forma pauperis* because his trust account balance indicated sufficient funds to pay the
8   filing fee, and ordered him the pay the filing fee, and sent this order to Petitioner's address of
9   record at CHCF.  Dkt. No. 6.  On August 17, 2023, the Court granted Petitioner an extension of
10  time to pay the filing fee, and sent this order to Petitioner's address of record at CHCF.  Dkt. No.
11  9.  That same day, the Court received Petitioner's filing fee.  Dkt. No. 8.  On August 29, 2023, the
12  Court's August 17, 2023 Order was returned to the Court as undeliverable.  Dkt. No. 10.  On
13  October 13, 2023, Judge Davila recused himself and this action was reassigned to the undersigned.
14  Dkt. Nos. 11, 12.  The orders of recusal and reassignment were sent to Petitioner's address of
15  record at CHCF.
16      On October 24, 2023, the Court sent courtesy copies of the August 17, 2023 Order
17  granting an extension of time to pay the filing fee, and the two October 13, 2023 orders to
18  Petitioner at California Medical Facility – Vacaville ("CMF-Vacaville"), which appeared to be
19  Petitioner's new address.  The Court included a cover letter reminding Petitioner that he was
20  required to provide the Court with an updated address of record.  On November 7, 2023, the
21  Court's October 24, 2023 Orders sent to CHCF were returned to the Court as undeliverable.  On
22  November 7, 2023, the Court again sent courtesy copies of the August 17, 2023 Order granting an
23  extension of time to pay the filing fee and the two October 13, 2023 orders to Petitioner, at CMF –
24  Vacaville.
25      On November 11, 2023, the Court dismissed the petition as second or successive within
26  the meaning of 28 U.S.C. § 2244(b)(2), denied a certificate of appealability, and entered judgment
27  in favor of Respondent.  Dkt. Nos. 14, 15.  In the Order of Dismissal, the Court directed the Clerk
28  to send a courtesy copy of the order and judgment to Petitioner at CMF – Vacaville.  Dkt. No. 14

1  at 6. Per the Court's order, the November 11, 2023 orders were sent to Petitioner's address of
2  record at CHCF, with a courtesy copy sent to CMF – Vacaville. On November 21, 2023, the
3  Court's courtesy copies of the November 11, 2023 orders sent to CMF – Vacaville were returned
4  to the Court as undeliverable. Dkt. No. 16. On November 29, 2023, the Court's courtesy copies
5  of the October 13, 2023 orders sent to CMF – Vacaville were returned as undeliverable. Dkt. No.
6  17. On December 13, 2013, the Court sent courtesy copies of the November 11, 2023 Orders to
7  Petitioner at R.J.D Donovan Facility, which appeared to be Petitioner's new address.

On December 25, 2023, Petitioner filed a notice of appeal, which was docketed by the Court on December 29, 2023. *See generally* Dkt. No. 18. In the NOA, Petitioner states that he did not receive the November 11, 2023 Orders when they were initially mailed to him because they were sent to his address of record, California Health Care Facility, and that he was now housed at R.J. Donovan Facility. Petitioner states that the courtesy copies sent on December 13, 2013 were received by him on December 18, 2023, and that the envelope had a postmark date of December 15, 2023. Dkt. No. 18 at 1.

## II.     Request to Reopen Time for Filing Notice of Appeal

The Ninth Circuit has construed Petitioner's notice of appeal (Dkt. No. 18) as a request to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6). Fed. R. App. P. 4(a)(1)(A) requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Fed. R. App. P. 4(a)(6) allows the district court to reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if (1) the Court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

The Court finds that Petitioner has met the three requirements set forth in Fed. R. App. P. 4(a)(6).

1   The Court finds that Petitioner did not receive notice under Fed. R. Civ. P. 77(d) of the November 11, 2023 Order of Dismissal, Denying Certificate of Appealability within twenty-one (21) days after entry. Petitioner was no longer at his address of record at the time the order was mailed to him.[2] Dkt. No. 16.

The Court finds that Petitioner filed the request to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6) both within 180 days after the judgment or order was entered, and within 14 days after he received notice of the entry of the November 11, 2023 Order. The judgment and order were entered on November 11, 2023. Giving Petitioner the benefit of the mailbox rule, the request to reopen was filed on December 25, 2023, 44 days after the judgment and order were entered. *See Houston*, 487 U.S. at 275-76 (*pro s*e prisoner filing deemed filed on date that prisoner delivers filing to prison authorities); Dkt. No. 18 at 3 (envelope indicates that prison authorities received the filing on Dec. 25, 2023). Petitioner received notice of the November 11, 2023 Order of Dismissal, Denying Certificate of Appealability on December 18, 2023, after courtesy copies of the orders were sent to him at R.J. Donovan Correctional Facility. Petitioner filed the Notice of Appeal on December 25, 2023, seven days after he received notice of the November 11, 2023 Order and related judgment.

Finally, the Court finds that the record does not indicate that Defendants would be prejudiced by reopening the time for appeal.

The Court therefore GRANTS Petitioner's request to reopen the time to file an appeal and deems Petitioner's Notice of Appeal timely filed on December 25, 2023.

//

//

//

---

[2] The Court notes that Petitioner has a duty to promptly inform the Court of any change of address. N.D. Cal. L.R. 3-11(a). Failure to inform the Court can result in dismissal of the action. N.D. Cal. L.R. 3-11(b). Here, Petitioner transferred away from his initial address of record – California Health Care Facility – by late August 2023, but did not inform the Court of his updated address until December 2023. During that time, the Court attempted to keep Petitioner apprised of orders issued in this action by sending courtesy copies of the orders to the address listed in the California Department of Corrections and Rehabilitation inmate locator when orders sent to Petitioner were returned as undeliverable.

# CONCLUSION

For the reasons set forth above, the Court GRANTS Petitioner's request to reopen the time to file an appeal and deems Petitioner's Notice of Appeal timely filed on December 25, 2023. The Clerk shall transmit a copy of this order to the Ninth Circuit Court of Appeals.

This order terminates Dkt. No. 18.

**IT IS SO ORDERED.**

Dated: 2/6/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge